On ti-ie Merits.
The opinion of the court was delivered by
Nicholls, C. J.
The judgment of the Court of Appeals which has been brought up for review in this case was as follows:
“ This case is presented to us on the following statement of facts:
*1627 “ Plaintiff owns the four lots of ground, described in his petition, the same being made part of this statement for the purpose of describing-same.
“ The same was properly assessed for the years 1891, 1892 and 1894, during which years it was owned by Jean Miramon, who paid the State taxes for those years.
“ On August 5th, 1898, he obtained the injunction filed in the record, restraining the city from selling- the property for taxes, which the city would have done on August 29th, 1898, had she not been prevented by this injunction.
“ By mutual consent the question submitted to the court for decision is narrowed down to the plea of prescription of two, three and five years, all other claims in bar of the city’s collecting taxes being waived or abandoned by the plaintiff. The court a qua sustained the plea of prescription ¡a[.id perpetuated the injunction and from this judgment this appeal is taken.
“This judgment is clearly erroneous for, since the other decision in Succession of Stewart, it has has been the settled jurisprudence of the Supreme Court that city taxes are imprescriptible. The language of the court in Leeds vs. Treasurer;, 43 Ann. 813, is decisive of the present controversy:—
‘In Succession of Stewart, 41 Ann. 128, all of the statutes cited and the constitutional provisions relied upon, were thoroughly examined and analysed, and we decided that city taxes were imprescriptible, though the liens, privileges and mortgages sécuring same are prescriptible. But notwithstanding the tax privileges and mortgages have become prescribed, the city has the right to proceed against the property assessed for the purpose of realizing the taxes themselves.’
“And in Succession of Hood it was said: ‘With reference to prescription it only remains to say that it did not run in favor of the tax debtor. It is settled that the tax debtor, who was personally indebted for the amount had no right of defence growing out of whatever prescription applies when third persons are concerned’. 46 Ann. 1465.
See also, Succ. of Mercier, 42 Ann. 1135; Rivers vs. City, 42 Ann. 1201.
“ The plaintiff’s claim has neither law nor equity to recommend it.
“ The judgment appealed from is reversed, and it is now ordered, ad *1628 judged and. decreed that the injunction herein issued be dissolved and set aside and plaintiff’s demand rejected at his costs in both courts.”
An examination of the different statutes referred to and the decisions bearing upon the subject matter, satisfies us that the conclusion reached by the Court of Appeals is correct.
The title of Act No. 26 of 1886 to which we are referred by plaintiff’s counsel is “an Act to prescribe tax -mortgages and privileges”. Counsel says that ill its first section it refers to “State, P'arish or Municipal taxes”. So it does, but it merely declares “that all tax privileges and t(ax mortgages securing the payment of taxes, whether State, P'arish of Municipal,” shall be prescribed by three years. Counsel admits this but says the omission is supplied by the express terms of section 34 of Act No. 98 of 1886, that “all taxes, tax mortgages and tax privileges shall be prescribed in three years,” but the title of the Act evidently restricts its effect to providing an annual revenue for 'State purposes.’
Expressions in the body of the Act going beyond this make the body broader than the title and must be disregarded.
Our attention is directed to Art. 247 of the Constitution of 1898 to the effect that “all the articles and 'provisions of this Constitution regulating and relating to the collection of State taxes and tax sales, shall also apply to and regulate the collection of parish, district, municipal, board and parish taxes.”
This article refers obviously to the method of the collection of taxes and not to the prescription to be applied to them.
Seeing no error in the judgment of the Court of Appeals it is hereby affirmed.